UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHANIEL G. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 18-cv-2244-MMM |
| | ) |
| **JUSTIN YOUNG, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint alleging failure to protect and deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court had conducted a merit review of Plaintiff's original complaint and amended complaint. In each, it dismissed the claims against Defendant Blanchard, a maintenance supervisor, for failing to fix a leak in the ceiling of the classroom where Plaintiff fell. The Court found that Plaintiff offered nothing to support that Defendant Blanchard had actual knowledge of the leak and had the requisite state of mind necessary for deliberate indifference. *See Diaz v.*

1

*Baldwin*, No. 18-1426, 2018 WL 6068326, at *3 (S.D. Ill. Nov. 20, 2018) (allegations that prison employees were aware of, and did not fix a defective cooler door, failed to suggest that they had the requisite intent to cause harm to plaintiff). *See also*, *Pratt*, 2018 WL 3239731 at *2. "[Plaintiff] has not alleged facts that suggest that the maintenance workers were deliberately indifferent to his safety by failing to either repair a ceiling that leaked when it rained within two weeks of when the problem developed or warn that the floor was wet."

Undaunted, Plaintiff pleads against Defendant Blanchard for a third time. In the complaint he alleges, without providing a basis, that Defendant Blanchard knew of the leak. He also states that "as of today's date [September 11, 2019]," the leak remains, and Defendant has failed to fix them. The current condition of the ceiling, however, is not relevant to establish its condition and Defendant's knowledge of that on the January 22, 2018 date of the fall.

As the Court previously noted, "failing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013). *See Pratt v. Lawson*, No. 17-436, 2018 WL 3239731 (July 3, 2018). "[S]lippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement." Defendant Blanchard is DISMISSED with prejudice as, after three attempts, Plaintiff has failed to plead a cognizable § 1983 claim against him.

As previously noted, Plaintiff may proceed on a deliberate indifference claim against Defendants Justin Young, Lori Moton, Nicole Carter and Steven White for their alleged failure to timely provide him effective pain medication. He also states a claim against Defendants Moton and Carter failing to refer him to Defendant Dr. Young, and against Defendant Dr. Young for not examining him on January 22, 2018.

**IT IS THEREFORE ORDERED:**

This case shall proceed solely on the identified deliberate indifference claims against Defendants Young, Carter, Lori and Steven.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  Defendant Blanchard is DISMISSED with prejudice.


  12/12/2019
ENTERED

       s/Michael M. Mihm
       MICHAEL M. MIHM
       UNITED STATES DISTRICT JUDGE